IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KESS TANI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-860-LPS |
| | : | |
| FPL/NEXT ERA ENERGY, et al., | : | |
| | : | |
| Defendants. | : | |

Kess Tani, Birmingham, Alabama, Pro Se Plaintiff.

Ramy E. Hanna, Esquire, Foley & Lardner LLP, New York, New York. Counsel for Florida Power and Light.

Laurence V. Cronin, Esquire, Smith, Katzenstein & Jenkins LLP, Wilmington, Delaware. Counsel for Guidant Group, Inc. Defendants.

Keri Lynn Morris, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendants Myriad Technical Services Corp. and Mirih Dash.

**MEMORANDUM OPINION**

August 27, 2012
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

**I.  INTRODUCTION**

Plaintiff Kess Tani ("Plaintiff"), who proceeds pro se, filed this action raising numerous claims, including employment discrimination and supplemental State claims. (D.I. 1)  Presently before the Court are Defendant Florida Power and Light's[1] ("FPL") Motion to Dismiss, which is joined by the remaining served Defendants, as well as Plaintiff's Motion Requesting an Expedited Disposition of his Pending Motions. (D.I. 38, 39, 40, 44)

**II.  BACKGROUND**

On September 15, 2011, the Court granted Motions to Dismiss filed by Defendants and gave Plaintiff leave to amend several claims and to name the correct corporate defendant that may be related to or affiliated with FPL or a NextEraEnergy company.[2] (D.I. 32)  The Order stated, "Plaintiff must file an amended complaint, if any, within twenty-one (21) days from the date of this Order. Failure to amend the complaint within this time-frame will result in dismissal with prejudice."  Plaintiff filed a Motion for Reconsideration (D.I. 33) on October 17, 2011, and an Amended Complaint (D.I. 35) on October 31, 2011, neither of which were timely filed.

Defendants move to dismiss for Plaintiff's failure to timely file the Amended Complaint. (D.I. 38, 39, 40)  Plaintiff did not file a response to the motion. Instead, he filed a Motion for Recusal (addressed below) and a Motion Requesting an Expedited Disposition of his Pending Motions. (D.I. 44)  Therein, he seeks rulings on motions that were not pending at the time he filed the latest motion and recusal of the undersigned.

---

[1] Improperly named as "FPL/NextEra Energy (FPL Capital Group, Inc.)."

[2] The Memorandum Opinion and Order was docketed on September 16, 2011.

1

### III. SHOW CAUSE

In its September 15, 2011 Order, the Court ordered Plaintiff to show cause, within twenty-one days from the date of the order, why Defendants Lewis Hay, III, Steve Haller, Darla Grimms, Mimir Dash, Chairman, CEO, CFO, Presidents, Board of Director, Internet Psychologist, and Security/HR Manager should not be dismissed for failure to identify them and/or serve process pursuant to Fed. R. Civ. P. 4(m). Plaintiff did not respond to the Show Cause order. Therefore, he has failed to show cause why the foregoing Defendants should not be dismissed for failure to identify them and/or serve process pursuant to Fed. R. Civ. P. 4(m).

### IV. DISMISSAL

Defendants move for dismissal on the grounds that Plaintiff failed to timely file his Amended Complaint as required by this Court's September 15, 2011 Order. Plaintiff did not file a response to the motion nor seek an extension of time to do so.

Pursuant to the Court's September 15, 2011 Order, Plaintiff had twenty-one days – until October 6, 2011 – to file an Amended Complaint. The Amended Complaint was not filed until October 31, 2011. Plaintiff complained in his Motion for Reconsideration (D.I. 33) that the "time set to file an amendment is unreasonable," but he did not file a motion to extend the time to file the Amended Complaint. Nor, at the time he filed the Amended Complaint, did Plaintiff seek leave to file it belatedly. At no time has Plaintiff provided a reason for the belated filing of the Amended Complaint. In addition, Plaintiff has filed no opposition to Defendants' Motion to Dismiss.

When a plaintiff fails to prosecute or comply with a court order, the Court may dismiss the action, with prejudice, under Rule 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629

(1962); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors that are appropriate to consider before dismissing case due to plaintiff's late filing: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense).

The Court granted Defendants' Motions to Dismiss, but Plaintiff was given leave to amend within a specific time and warned of the consequences of his failure to do so. Plaintiff complained that he was given insufficient time to file an amended complaint when he filed his Motion for Reconsideration. The Court is mindful that Plaintiff proceeds pro se. Inasmuch as the Court is unable to discern that Plaintiff's unexplained dilatoriness was done in bad faith, and the case remains in its early stages, the Court finds the *Poulis* factors weigh in favor of denying the Motion to Dismiss.

Therefore, the Court will consider Plaintiff's Amended Complaint (D.I. 35) as timely filed, and will deny Defendants' Motion to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

V. **RECUSAL**

Plaintiff seeks recusal of the undersigned for a number of reasons but, basically, because the Court has entered rulings against him. (D.I. 44) Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable

person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating that beliefs or opinions which merit recusal must involve extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56.

It is evident in reading Plaintiff's motion that the basis on which he seeks recusal is his displeasure with this Court's rulings. A reasonable, well-informed observer could not believe that the rulings were based on partiality, bias, or actual prejudice. Nor would a reasonable, well-informed observer question this Court's impartiality. The undersigned has no actual bias or prejudice towards Plaintiff. Accordingly, there are no grounds for recusal.

## VI. CONCLUSION

For the above reasons, the Court will dismiss the unserved Defendants, deny Defendants' Motion to Dismiss, and deny Plaintiff's Motion for Recusal and Motion for Expedited Disposition of Pending Motions. Plaintiff is warned that continued dilatoriness and failure to comply with this Court's Orders may result in sanctions, including dismissal of the case.

An appropriate Order follows.

Case 1:10-cv-00860-LPS   Document 45   Filed 08/27/12   Page 6 of 6 PageID #: 497

VI. CONCLUSION

For the above reasons, the Court will dismiss the unserved Defendants, deny Defendants' Motion to Dismiss, and deny Plaintiff's Motion for Recusal and Motion for Expedited Disposition of Pending Motions. Plaintiff is warned that continued dilatoriness and failure to comply with this Court's Orders may result in sanctions, including dismissal of the case.

An appropriate Order follows.