## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KESS TANI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-860-LPS |
| | : | |
| FPL/NEXT ERA ENERGY, et al., | : | |
| | : | |
| Defendants. | : | |

Kess Tani, Birmingham, Alabama, Pro Se Plaintiff.

Colm F. Connolly, Esquire, Morgan Lewis & Bokius LLP, Wilmington, Delaware.  Counsel for Florida Power and Light.

Laurence V. Cronin, Esquire, Smith, Katzenstein & Jenkins LLP, Wilmington, Delaware. Counsel for Guidant Group, Inc. Defendants.

Keri Lynn Morris, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware.  Counsel for Defendant Myriad Technical Services Corp.

## <u>MEMORANDUM OPINION</u>

July 29, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I.   INTRODUCTION

Plaintiff Kess Tani ("Plaintiff"), who proceeds pro se, filed this civil action (D.I. 1)

raising numerous claims, including employment discrimination and supplemental State claims.

The Court dismissed the original complaint, gave Plaintiff leave to amend (D.I. 32), and Plaintiff

filed an amended complaint (D.I. 35).  Presently before the Court are Defendants' Motions to

Dismiss (D.I. 48, 50, 52) and Plaintiff's Motion Requesting an Expedited Ruling for Discovery

and Trial by Jury or, in the alternative, an Order for a Settlement Conference Hearing (D.I. 56).

For the reasons discussed, the Court will grant Defendants' motions and will deny as moot

Plaintiff's motion.

## II.   BACKGROUND

Plaintiff was given leave to: (1) amend claims alleging race discrimination, violation of

the American with Disabilities Act ("ADA"), 42 U.S.C. § 1981, 18 U.S.C. § 1514A, 42 U.S.C.

§ 5851, 42 U.S.C. § 1985, and supplemental State claims of fraud, breach of contract,

defamation, civil conspiracy, and intentional infliction of emotional and mental distress;

(2) name the correct corporate defendant that may be related to, or affiliated with, Florida Power

and Light or a NextEraEnergy company;[1] and (3) identify and properly serve individual Guidant

---

[1]Defendant FPL/NextEraEnergy (FPL Capital Group, Inc.) proceeds as Florida Power and Light.  As discussed in the September 15, 2011 Memorandum Opinion, Plaintiff names as a defendant FPL/NextEraEnergy (FPL Capital Group, Inc.), but there is no corporate entity by the name of FPL/NextEraEnergy (FPL Capital Group, Inc.).  (See D.I. 31at 2)  For clarity, the Court will refer to Defendant FPL/NextEraEnergy (FPL Capital Group, Inc.) as "FPL/NextEraEnergy" and Florida Power and Light as "FPL."

Group, Inc. ("Guidant") defendants. (D.I. 32) The amended complaint names as Defendants[2] FPL/NextEra Energy,[3] Guidant, and Myriad Technical Services, Inc. ("Myriad") (collectively "Defendants"). The amended complaint contains "proof of service" sections and asserts subject matter and personal jurisdiction over Defendants as well as venue. It also contains information not normally found in a complaint, including a response to a "show cause order" and objections to this Court's rulings.[4] In addition, it refers to exhibits 1, 2, 3, and 4 that are attached to the original Complaint but not to the Amended Complaint. The Court will consider exhibits 1, 2, 3, and 4 as exhibits to the Amended Complaint, although it will not consider the allegations contained in the dismissed Complaint.

Plaintiff is an African-American professional in the nuclear/electrical engineering field. Plaintiff alleges that in either April 2010 or on May 14, 2010 (the dates vary) he entered into a consulting contract with FPL/NextEraEnergy, Guidant, and Myriad to perform duties as a

---

[2]After each Defendant's name, Plaintiff adds "et al." but does identify the defendants included in the "et al."

[3]FPL/NextEraEnergy is described as owner, producer, operator, and seller of energy products to almost every state in the United States, including Delaware. (D.I. 35 at ¶ 1.2) It is "wholly the owner and operator of a litany of corporations and LLCs morphing corporate names such as NextEraEnergy Resources, etc., including Florida Power & Light, et al. and NextEraEnergy, Inc., et al." (*Id.*) Guidant is described as a headhunters/body shop who supplies engineers, nurses, doctors, etc. to the government and other sectors of many countries. (*Id.* at ¶ 1.7) Myriad's description is similar to that of Guidant. (*Id.* at ¶ 1.9)

[4]The Court dismissed FPL's individual defendants for Plaintiff's failure to show cause why they should not be dismissed for failure to identify and serve them pursuant to Fed. R. Civ. P. 4(m). (*See* D.I. 45, 46) Unbeknownst to the Court, Plaintiff responded to the Show Cause order in a section of the Amended Complaint. The Court has reviewed the response and finds it did not provide cause for Plaintiff's failure to identify and serve the individual defendants and, thus, dismissal was appropriate. (*See* D.I. 35 at ¶¶ 3-11)

manager/nuclear cyber security at Defendants' nuclear power plant facilities in Palo, Iowa.[5] On

May 14, 2010, Defendants instructed Plaintiff to travel to Palo, Iowa to begin working at the

Duane Arnold Nuclear Power Plant. Defendants represented to Plaintiff that all background

investigations had been favorably completed in Plaintiff's favor.[6] Plaintiff started performance

of the contract on May 17, 2010. (D.I. 35 at ¶¶ 16, 17, 20, 39, 59, 60)

On May 19, 2010, Defendants defamed/libeled/blacklisted and added Plaintiff to a critical

group/list of persons to be watched and barred from working at any United States Nuclear

Regulatory Commission ("USNRC") licensed nuclear facilities across the United States.[7] That

day, Steve Haller, Darla Grimms, FPL/NextEraEnergy, internet psychologist, security/HR

manager, Guidant, and Myriad acted with a common purpose to terminate Plaintiff's contract

when they agreed to defame/libel/blacklist him.[8] On or about May 24, 2010, Defendants

imposed a new condition of employment when they demanded that Plaintiff produce his pre-

employment medical records.[9] Defendants did not demand that white employees provide the

---

[5]The executed contract is not attached to the Amended Complaint.

[6]An Access Authorization Review attached to the Complaint, dated May 14, 2010, provides an interim recommendation to "grant/continue access." (D.I. 1 Ex. 1) The form states "NAME: Tani, Kess; COMPANY: AB&K Technologies; STATUS: Pre Access."

[7]Emails dated May 19 and 20, 2010 indicate that Plaintiff was processed at Duane Arnold and would be in the "critical group." Because of an incident in Maryland, the unknown author of the May 19 email wanted information on whether Plaintiff was on a "no fly" or "watch list." The author of the May 19 email was advised by the author of the May 20 email that he was unaware of any open-source process to determine if someone is on the "no fly" list. (D.I. 1 Ex. 3)

[8]Steve Haller, Darla Grimms, internet psychologist, and security/HR manager were dismissed for failure to serve process pursuant to Fed. R. Civ. P. 4(m). (See D.I. 46)

[9]A NEXTERA Energy email dated May 24, 2010, from an unknown individual, states that, following a conference call, it was agreed Plaintiff needed to sign a release of information for medical/mental health records for Plaintiff's eight month hospitalization in 2006-2007. (D.I.

3

same records.  Defendants conspired and racially discriminated against Plaintiff when, on May

25, 2010, they terminated his contract for performing statutorily/lawfully protected activities.

after he revealed and provided Defendants with discrepancies/deficiencies in their nuclear cyber

security program and license amendment request/application and when he refused to provide

Defendants with "lawfully protected pre-employment medical records."  At the time, Defendants

were in the process of submitting/filing with the USNRC.  In addition, Defendants terminated

Plaintiff based upon his race and because they suspected he was a whistle blower/terrorist.  On

June 10, 2010, Plaintiff requested the names of Defendants and his personnel records including

general employee exam results, radiology exam, and Minnesota Psychological Test Results,[10] as

well as the name of Defendants' internet psychologist, but Defendants refused to provide the

information.  (D.I. 35 at ¶¶ 17-33, 36, 40-42, 76, 85)

      The Amended Complaint contains eight counts, as follows: (1) discrimination in violation

of Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 5851, and 42 U.S.C. § 2000e; (2) discrimination and

retaliation in demanding lawfully protected pre-employment medical records in violation of 42

U.S.C. § 12112(d)(1)(2)(A), Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 5851, 18 U.S.C § 1514A,

and 42 U.S.C. § 2000e; (3) retaliation for filing a letter of intent to sue and requesting

Defendants' names and Plaintiff's personnel records in violation of 18 U.S.C. § 1614A; (4) fraud

in the inducement in violation of Statute of Frauds, U.C.C. article 2, and 42 U.S.C. § 2000e;

(5) interference and breach of contract in violation of Statute of Frauds, U.C.C. article 2, and 42

---

1 Ex. 4)  A reply dated May 24, 2010 states, "[Plaintiff] said he will not release the records.  He
has given you enough information to work with."  (*Id.*)

   [10]Plaintiff appears to refer to the Minnesota Multiphasic Personality Inventory, a
psychological test commonly referred to as the MMPI.

U.S.C. § 2000e; (6) defamation/libel/blacklisting in violation of Title VII Civil Rights Act of 1964; (7) conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985; and (8) infliction of emotional and mental distress in violation of Title VII Civil Rights Act of 1964, 42 U.S.C. § 1981, 42 U.S.C. § 5851, and 42 U.S.C. § 2000e.[11]

Plaintiff seeks injunctive relief and compensatory and punitive damages. Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6).

## III.   **MOTIONS TO DISMISS**

### A.   **Rule 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) directs the Court to dismiss a case when it lacks personal jurisdiction over the defendant. Determining the existence of personal jurisdiction requires a two-part analysis. First, the Court analyzes the long-arm statute of the state in which the Court is located. *See Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 700 (D. Del. 2001). Next, the Court determines whether exercising jurisdiction over the defendant in the state comports with the Due Process Clause of the Constitution. *See id.* Due Process is satisfied if the Court finds the existence of "minimum contacts" between the non-resident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

---

[11]Counts 1, 4, 5, 6, 7, and 8 of the Amended Complaint allege violations of Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights. The Court previously dismissed all constitutional claims, and Plaintiff was not given leave to amend said claims. They will not be considered any further in this Memorandum Opinion.

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, by a preponderance of the evidence and with reasonable particularity, the existence of sufficient minimum contacts between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share*, 735 F.2d at 67 n.9; *see also Philips Electronics N. Am. Corp. v. Contec Corp.*, 2004 WL 503602, at *3 (D. Del. Mar. 11, 2004) ("After discovery has begun, the plaintiff must sustain [its] burden by establishing jurisdictional facts through sworn affidavits or other competent evidence.").

As discussed, the Court dismissed the original complaint, gave Plaintiff leave to amend to correct pleading deficiencies, including to name the correct corporate entity that may be affiliated with FPL or a NextEraEnergy company. FPL argues that, to the extent Plaintiff seeks to bring this cause of action against FPL, jurisdictional defects continue to exist and, for the reasons discussed in this Court's September 6, 2011 Memorandum Opinion, dismissal is appropriate. Plaintiff opposes dismissal pursuant to Fed. R. Civ. P. 12(b)(2), but fails to meet his burden of establishing, by a preponderance of the evidence and with reasonable particularity, the existence of sufficient minimum contacts between FPL and this forum to support jurisdiction.

Assuming FPL is the intended defendant, the declaration of J.E. Leon ("Leon"), the managing attorney, assistant secretary, and registered agent for FPL states that FPL: (1) is a Florida corporation organized under the laws of the State of Florida; (2) does not maintain an office or other place of business in Delaware; (3) is not licensed to do business in Delaware;

6

(4) does not have an agent for service of process in Delaware; (5) does not have a telephone number or bank account in Delaware; (6) does not have any employees or agents in Delaware; and (7) does not contract to supply services or things in Delaware. (D.I. 50 at Leon Decl.) To refute this declaration, Plaintiff again submitted: (1) a registration statement under the Securities Act of 1933 listing several companies including FPL Group, Inc. and FPL Group Capital, Inc., with Florida next to their names, and the companies Florida Power & Light Company, FPL Group Trust I and II, as well as FPL Group Capital Trust I and II, with Delaware next to their names; (2) jobs in Delaware offered by Army National Guard; and (3) "entity details" from the Delaware Division of Corporations, with the notation "this is not a statement of good standing" for the statutory trusts Florida Power & Light Company Trust I, Florida Power & Light Company Trust II, and the corporations Nextera Energy Inc., NextEra Energy Capital, Inc., and NextEra Energy Capital Holdings, Inc. (D.I. 53 Ex. 12) Plaintiff did not provide documents or records to demonstrate the existence of the entity he sued, FPL/NextEraEnergy.

The Court sees no need to go through the detailed analysis set forth in the September 15, 2011 Memorandum Opinion. Suffice it to say, nothing has changed since that time. Thus, for the reasons set forth in the September 15, 2011 Memorandum Opinion, the Court finds that this Court has neither specific nor general jurisdiction over FPL, and the Delaware long-arm statute cannot lawfully be used as a basis to serve FPL.[12] To the extent that Plaintiff intended to bring this action against FPL, rather than FPL/NextEraEnergy, the Court will grant FPL's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

---

[12]The Court need not consider whether the exercise of personal jurisdiction would be consistent with FPL's constitutional rights to due process. *See Kloth v. Southern Christian Univ.*, 494 F. Supp. 2d 273, 281 n.8 (D. Del. 2007).

C.     **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint

"for failure to state a claim upon which relief can be granted." "In deciding a motion to dismiss,

all well-pleaded allegations of the complaint must be taken as true and interpreted in the light

most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v.*

*City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted).  A

Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff is

required, by Fed. R. Civ. P. 8(a)(2), to provide the "grounds of his entitle[ment] to relief[, which]

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).  Because

Plaintiff proceeds pro se, his pleading is liberally construed, and his Amended Complaint,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks

omitted).

The Third Circuit has explained:

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts
> generally consider only the allegations in the complaint, exhibits
> attached to the complaint, matters of public record, and documents
> that form the basis of a claim.  A document forms the basis of a
> claim if the document is integral to or explicitly relied upon in the
> complaint.  The purpose of this rule is to avoid the situation where
> a plaintiff with a legally deficient claim that is based on a particular
> document can avoid dismissal of that claim by failing to attach the
> relied upon document.  Further, considering such a document is not

8

> unfair to a plaintiff because, by relying on the document, the
> plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations and quotation marks

omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Defendants move for dismissal on the grounds that the Amended Complaint: (1) does not

allege facts to support the employment discrimination claims; (2) fails to state a claim for race

discrimination under 42 U.S.C. § 1981; (3) fails to state a claim under 18 U.S.C § 1514A;

(4) fails to state a claim for breach of contract; (5) fails to state a claim for defamation; (6) fails

to state a conspiracy claim under 42 U.S.C. § 1985(3); (7) fails to state a claim of emotional

distress; (8) fails to state a claim under 42 U.S.C. § 5851; (9) contains no allegations of fraud;

(10) contains no allegations in support of a claim for civil conspiracy; and (11) fails to assert any

legally cognizable claims.  Additional grounds for dismissal that are raised include: (1) Plaintiff's

non-compliance with the Court's September 15, 2011 Memorandum Opinion and Order, given

that Plaintiff failed to properly identify and serve Guidant Defendants; (2) Plaintiff's failure to

cure the pleading deficiencies, as there is no such corporate entity as FPL/NextEraEnergy; and

(3) improper venue.  Plaintiff opposes the motions.[13]

### 1.    **Employment Discrimination**

The Amended Complaint raises employment discrimination claims pursuant to Title VII,

42 U.S.C. § 2000e, and the ADA, 42 U.S.C. § 12112(d)(1)(2)(A), by reason of race and, it

appears, disability.  Defendants move to dismiss the employment discrimination claims on the

---

[13]Much of Plaintiff's argument is based on his position that Defendants use fabrications
and manufacture forgeries of written documents that proffer false/deceitful affidavits, lies,
misleading statements, misrepresentations, and misstatements.

grounds that the allegations fail to assert cognizable claims against Defendants and that Plaintiff failed to exhaust administrative remedies.

Title VII and the ADA apply to relationships between employers and employees. As a result, for purposes of the Title VII and ADA claims, one relevant question is whether Defendants were Plaintiff's employers whether Plaintiff was their employee.[14]  In the Amended Complaint, Plaintiff refers to himself as a "consultant" (D.I. 35 at ¶ 20) and as a "contractor/employee" (*id.* at ¶ 67), while in his opposition to the Motions to Dismiss, Plaintiff states that "defendants contracted Plaintiff as a consultant" (D.I. 53 at ¶ 17).  In addition, the Amended Complaint alleges a termination of a contract, not a termination of employment.  (*See* D.I. 35 at ¶ 18)

Title VII and the ADA do not cover independent contractors.  *See Brown v. J. Kaz, Inc.*, 581 F.3d 175, 179-81 (3d Cir. 2009); *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 122 (3d Cir. 1998); *Birchem v. Knights of Columbus*, 116 F.3d 310, 312 (8th Cir. 1997) (stating ADA does not encompass independent contractors).  Title VII authorizes a cause of action only against employers, employment agencies, labor organizations, and training programs, *see* 42 U.S.C. § 2000e-2, just as the ADA covers only employers, employment agencies, and labor organizations, *see* 42 U.S.C. § 12111(2).

Additionally, to the extent that Plaintiff could be considered an employee under Title VII and ADA, the claims must be dismissed for Plaintiff's failure to exhaust administrative remedies.

---

[14]Plaintiff's opposition to Defendants' Motions to Dismiss contains an exhibit with a "Guidant" heading.  (D.I. 53 Ex. 10)  The exhibit is a timesheet for the week ending May 23, 2010 for "Associate Tess, Kani," whose job title is nuclear project manager.  The "Staffing Partner" is identified as Myriad Technical Services Corp. and the "Supervisor Client" is identified as NextEra Energy Resources.  (*Id.*)

A plaintiff may not file a Title VII or ADA suit in federal court without first exhausting avenues for redress at the administrative level pursuant to 42 U.S.C. § 2000e-16(c). *See Francis v. Mineta*, 505 F.3d 266, 272 (3d Cir. 2007); *Doe v. Winter*, 2007 WL 1074206 (E.D. Pa. Apr. 5, 2007). This prerequisite, akin to a statute of limitations, mandates dismissal of the Title VII or ADA claim if a plaintiff files the claim before receiving a right to sue notice. *See Story v. Mechling*, 214 F. App'x 161, 163 (3d Cir. Jan. 19, 2007) (plaintiff may not proceed with Title VII claim because he neither received a right to sue letter nor submitted evidence indicating that he requested a right to sue letter); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

The Amended Complaint does not allege that Plaintiff exhausted his administrative remedies, nor was a right-to-sue letter submitted with the Amended Complaint. In the Court's September 15, 2011 Memorandum Opinion, Plaintiff was apprised of the necessity to exhaust his administrative remedies and was given leave to cure the pleading deficiencies. There is no indication that Plaintiff exhausted his administrative remedies as is required to pursue Title VII and ADA claims.

For the above reasons, the Court will grant the Motions to Dismiss the Title VII and ADA.

### 2.    42 U.S.C. § 1981

Counts 1, 2, and 3 allege violations of 42 U.S.C. § 1981. Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987). Defendants move for dismissal on the grounds that the Amended Complaint fails to state a § 1981 claim. To state a claim under

§ 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts" *Id.*

No matter how liberally the Amended Complaint is construed, the allegations in it fail to state a claim under § 1981. The allegations are not directed to any individual Defendant. In addition, the allegations that: (1) "Defendants" required Plaintiff to provide medical records when white employees were not; (2) Defendants intentionally, civilly profiled and discriminated racially against the Plaintiff because of his race; and (3) Defendant made more money as a consultant than his white supervisor, fail to apprise each Defendant of his or its alleged discriminatory acts.

Therefore, the Court will dismiss all claims raised pursuant to 42 U.S.C. § 1981.

### 3. **42 U.S.C. § 5851**

Counts 1, 2, and 8 refer to 42 U.S.C § 5851, the Energy Reorganization Act ("ERA"), which prohibits discrimination against an employee based on the employee's whistleblower actions in notifying the employer or other authorities about unlawful practices. *See* 42 U.S.C. § 5851(a). Defendants move for dismissal on the grounds that the Amended Complaint fails to state a § 5851 claim. To state a claim under the ERA, an employee must show: "(1) the employer is covered by the act, (2) the employee engaged in protected activity, (3) the employee suffered adverse action, and (4) there is an inference of causation between the protected activity and the adverse action. Proximity in time is sufficient to raise an inference of causation." *Bechtel Const. Co. v. Secretary of Labor*, 50 F.3d 926, 934 (11th Cir. 1995); *see Muino v. United*

*States Dep't of Labor*, 325 F. App'x 791 (11th Cir. Apr. 28, 2009).

The ERA outlines the procedures for filing a complaint, providing as follows: "Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of subsection (a) of this section may, within 180 days after such violation occurs, file (or have any person file on his behalf) a complaint with the Secretary of Labor . . . alleging such discharge or discrimination." 42 U.S.C. § 5851(b)(1). The ERA further provides that any person adversely affected by an order of the Secretary of Labor may obtain review in the court of appeals for the circuit in which the violation of the ERA allegedly occurred. *See id.* at § 5851(c)(1).

Plaintiff has alleged that he was terminated from employment within a short time after reporting nuclear deficiencies. However, as mentioned, the Amended Complaint does not indicate if, or by whom, Plaintiff was employed, whether Defendants are Plaintiff's employers, and whether they are covered by the ERA. Moreover, the Amended Complaint does not indicate if Plaintiff presented his claims to the Secretary of Labor.

The claims as pled, fail to state claims upon which relief may be granted. Therefore, the Court will grant Defendants' Motions to Dismiss the ERA claims.

### 4.    18 U.S.C. § 1514A

Counts 2 and 3 invoke 18 U.S.C. § 1514A, a provision of the Sarbanes-Oxley Act. The Sarbanes-Oxley Act's whistleblower protection provision creates a private cause of action for employees of publicly-traded companies who are retaliated against for engaging in certain protected activity. *See* 18 U.S.C. § 1514A. Defendants move for dismissal on the grounds that the Amended Complaint fails to state a § 1514A claim.

13

Section 1514A(a)(1)(C) states in relevant part:

> No [publicly-traded company] . . . may discharge, demote,
> suspend, threaten, harass, or in any other manner discriminate
> against an employee in the terms and conditions of employment
> because of any lawful act done by the employee (1) to provide
> information, cause information to be provided, or otherwise assist
> in an investigation regarding any conduct which the employee
> reasonably believes constitutes a violation of [18 U.S.C.] section
> 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348
> [securities fraud], any rule or regulation of the Securities and
> Exchange Commission, or any provision of Federal law relating to
> fraud against shareholders, when the information or assistance is
> provided to or the investigation is conducted by . . . (C) a person
> with supervisory authority over the employee (or such other person
> working for the employer who has the authority to investigate,
> discover, or terminate misconduct) . . . .

"[A]n employee's protected communications must relate definitively and specifically to the

subject matter of the particular statute under which protection is afforded." *Allen v.*

*Administrative Review Bd.*, 514 F.3d 468, 477 (5th Cir. 2008).

To state a claim under § 1514A, an employee must allege that: (1) he engaged in

protected activity; (2) the employer knew that he engaged in the protected activity; (3) he

suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor

in the unfavorable action. *See id.* at 475-76.

The Amended Complaint fails to state a claim under § 1514A. Similar to the original

Complaint, there are no allegations that Defendants are publicly traded companies. Nor are there

allegations that Plaintiff engaged in protected communications. Finally, there are no allegations

that Plaintiff "file[d] complaint with the Occupational and Health Safety Administration

('OSHA') and afford[ed] OSHA the opportunity to resolve the allegations administratively."

*Willis v. Vie Fin. Group, Inc.*, 2004 WL 1774575, at *6 (E.D. Pa. Aug. 6, 2004) (citing 18 U.S.C.

14

§1514(b)(1)(A)).  At most, Plaintiff alleges that Defendants required him to produce medical records and refused to produce documents to Plaintiff for litigation purposes.

Therefore, the Court will grant Defendants' Motions to Dismiss the claims raised pursuant to 18 U.S.C. § 1514A.

### 5.    **42 U.S.C. § 1985**

Count 7 alleges conspiracy pursuant to 42 U.S.C. § 1985.[15]  Section 1985(3) is the only possible section that could apply to Plaintiff's allegations.  Defendants move for dismissal on the grounds that the Amended Complaint fails to adequately allege a § 1985 claim.

Section 1985(3) prohibits conspiracies to deprive a "person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law."  The Supreme Court has interpreted the language of § 1985(3) as "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws."  *Kush v. Rutledge*, 460 U.S. 719, 725 (1983).  It is well settled that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  *Id.* at 726.

Plaintiff alleges that FPL/NextEraEnergy, Guidant, and Myriad acted with "common purpose," were discriminating against Plaintiff, "making plans on how to terminate" Plaintiff's contract, unlawfully agreed to defame/libel/blacklist Plaintiff, and that their illegal goal was to ensure that Plaintiff could not find a job in the nuclear industry or any other industry.  (D.I 35 at ¶

---

[15]The Amended Complaint does not raise a claim of civil conspiracy under Delaware law, even though Plaintiff was given leave to amend the claim.  Hence, it appears that he has abandoned the civil conspiracy claim.  It is considered dismissed and will not be addressed by the Court.

85) These allegations are conclusory. Further, the Amended Complaint does not contain adequate allegations from which one could infer an agreement or understanding among Defendants to violate Plaintiffs' constitutional rights, or to discriminate against him under § 1985.

Accordingly, the Court will grant Defendants' Motions to Dismiss the § 1985 claim.

### 6.  State Claims

#### a.  Fraud in the Inducement

In Count 4, Plaintiff alleges that he was fraudulently induced into entering into a contract, but, as in the original Complaint, he refers to inapplicable statutes to support his claim.[16] Under Delaware law a plaintiff must allege with particularity the following elements to state a fraud in the inducement claim: (1) a false representation of material fact; (2) the defendant's knowledge of or belief as to the falsity of the representation or the defendant's reckless indifference to the truth of the representation; (3) the defendant's intent to induce the plaintiff to act or refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance. *See Stephenson v. Capano Dev. Co.*, 462 A.2d 1069, 1073 (Del. 1983); *see also DVC Holdings Inc. v. ConAgra Holding, Inc.*, 889 A.2d 954 (Del. 2005).

Count 4 fails to allege the elements of fraud in the inducement. The facts are directed to all Defendants and are specific to none. The Amended Complaint alleges that Plaintiff was offered employment by a non-specified Defendant, traveled to his assignment location at the

---

[16]Neither U.C.C. Article 2, which applies to the sale of goods, or 42 U.S.C. § 2000e includes a cause of action for fraudulent inducement.

request of a non-specified individual or entity and, once there, was told by a non-specified Defendant that he was required to submit medical records. When Plaintiff refused, his employment was terminated.

In addition, there are insufficient factual allegations as to false misrepresentation of material fact by Defendants. Myriad argues that Plaintiff was aware of the requirements to gain access to the site and, therefore, there was no misrepresentation. The Amended Complaint lacks facts to support Defendants' knowledge of, or belief, as to the falsity of the representation or Defendants' reckless indifference to the truth of the representation. Nor does it adequately allege Defendants' intent to induce Plaintiff to act.

The facts, as alleged, do not state a claim for fraud in the inducement. Therefore, the Court will grant the Motions to Dismiss the fraud in the inducement claim.

### b.    Breach of Contract

Count 5 alleges interference and breach of contract. Defendants move for dismissal on the grounds that the Amended Complaint does not allege sufficient facts to support a clam for breach of contract. Plaintiff alleges that he entered into a contract for employment with Defendants and they breached the contract on May 25, 2010. A copy of the contract was not filed with Amended Complaint.

The elements of a breach of contract claim are "the existence of a contract, the breach of an obligation imposed by that contract, and the resultant damage." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *see also Hexion Specialty Chems., Inc. v. Huntsman Corp.*, 965 A.2d 715, 747-48 (Del. Ch. 2008) (stating breach of contract is intentional when defendant commits "deliberate act" that was "in and of itself a breach" of contract). The

17

plaintiff in a contract action must prove by a preponderance of the evidence the existence of an offer of a contract by one party; an acceptance of that offer by the other party; consideration for the offer and acceptance; and sufficiently specific terms that determine the obligation of each party. *See Fanean v. Rite Aid Corp.*, 984 A.2d 812, 822 (Del. Super. Ct. 2009).

The Amended Complaint fails to allege with whom Plaintiff specifically contracted or which Defendant or Defendants allegedly breached the contract. Also, it is not clear from the allegations whether the term at issue (i.e., production of medical records) was a term of the contract. Because the claim is deficiently pled, the Court will grant Defendants' Motions to Dismiss the claim.

### c. **Defamation/Libel Blacklisting**

Count 6 alleges defamation/libel/blacklisting occurring when an unnamed Defendant or Defendants "blacklisted" or libeled Plaintiff by adding him to the "critical group list and watch list of persons to be constantly watched and barred from working at any USNRC Licensed Nuclear Facilities Across the U.S.A." Defendants move for dismissal on the grounds that the claim is deficiently pled as it fails to identify any particular alleged defamatory statement or identify the person or entity to whom the statements were published or communicated.

To state a defamation claim under Delaware law, a plaintiff must show: (1) defendant made an oral or written factual and defamatory statement, (2) regarding the plaintiff, (3) that is published to others by defendant, and (4) that results in injury. *See Roberts v Murray*, 2009 WL 2620725, at *5 (Del. Super. Ct. July 24, 2009). Slander generally requires proof of special damages. However four categories of slander require no such proof and, as such, are slander per se. These categories encompass statements that malign a person in a trade, business or

18

profession, impute a crime, imply that a person has a loathsome disease, or impute unchastity to a woman. *See Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978).

Plaintiff alleges that Defendants defamed/libeled/blacklisted and added his name to a "critical group/list of persons to be constantly watched and barred" from working at any USNRC licensed nuclear facility in the United States and that the foregoing was communicated by email to third parties, who understood the communications' defamatory/libelous character/nature. (*See* D.I. 1 Ex. 3) As this Court previously observed, it is far from clear that the statement in Exhibit 3 is defamatory. In addition, the Amended Complaint does not to identify the person or entity who allegedly defamed Plaintiff or that Plaintiff sustained an injury. Even if the statement could be considered defamatory, the Amended Complaint does not identify the third parties to whom the email was published.

The allegations fail to state a claim upon which relief may be granted. Therefore, the Court will grant the Motions to Dismiss the defamation/libel/blacklisting claim.

### d. Intentional Infliction of Emotional and Mental Distress

Count 8 alleges infliction of emotion and mental distress. Defendants move for dismissal of the infliction of emotional and mental distress claims on the grounds that they are not supported by sufficient factual allegations and, moreover, the facts as alleged fail to permit recovery under this theory.

Delaware applies Restatement (Second) of Torts § 46 in defining the elements of intentional infliction of emotional distress, as follows: (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such

19

bodily harm. (2) Where such conduct is directed at a third person, the actor is subject to liability

if he intentionally or recklessly causes severe emotional distress (a) to a member of such person's

immediate family who is present at the time, whether or not such distress results in bodily harm,

or (b) to any other person who is present at the time, if such distress results in bodily harm. *See*

*Cummings v. Pinder*, 574 A.2d 843, 845 (Del. 1990).

The claim for infliction of emotional distress is not supported by sufficient factual

allegations. The facts do not suggest Defendants' conduct was extreme or outrageous, or that

Plaintiff suffered emotional distress so severe as to give rise to an actionable claim. In addition,

because the allegations are not directed to specific defendants, it is impossible to discern from the

allegations what alleged actions, if any, may have been taken by any of the named Defendants.

The Amended Complaint fails to state a claim of infliction of emotional and mental

distress. Therefore, the Court will grant Defendants' Motion to Dismiss this claim.

### 7.    **Individual Guidant Defendants**

The September 15, 2011 Memorandum Opinion granted Guidant's Motion to Dismiss its

individual corporate defendants. The individual defendants (Guidant Group Inc. Chairman,

Guidant Group Inc. CEO, Guidant Group Inc. CFO, Guidant Group Inc. Presidents, and Guidant

Group Inc. Board of Directors) were dismissed without prejudice so that Plaintiff could identify

and properly serve them.

Guidant moves for dismissal on the grounds that Plaintiff failed to comply with the

Order, noting that Plaintiff did not identify any individual Guidant Defendant and failed to

demonstrate that service was properly effected upon any individual Guidant Defendant. Plaintiff

responds that his use of "et al." alerts Defendants to the individually named defendants.

The record reflects that Plaintiff failed to comply with the September 15, 2011 Order to name and serve unnamed Guidant corporate individuals. Therefore, the Court will grant the Motion to Dismiss the unnamed and unserved Guidant individual defendants.

### 8.   Improperly Named Defendant

Plaintiff was given leave to amend to name the correct corporate defendant that may be related to, or affiliated with, Florida Power and Light or a NextEraEnergy company. Instead, Plaintiff again named the non-existent "FPL/NextEraEnergy (FPL Capital Group, Inc.)" as a Defendant and failed to name a proper defendant. Therefore, the Court will grant FPL's motion and dismiss FPL/NextEraEnergy as a Defendant.

## IV.   CONCLUSION[17]

The Court provided Plaintiff an opportunity to correct the pleading deficiencies in the original Complaint, to no avail. Accordingly, for the above reasons, the Court will grant Defendants' Motions to Dismiss (D.I. 48, 50, 53) and will deny as moot Plaintiff's Motion Requesting an Expedited Ruling for Discovery and Trial by Jury or, in the alternative, an Order for a Settlement Conference Hearing (D.I. 56). The Clerk of Court will be directed to close the case. *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962) (authorizing denial of request for leave to amend when there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.").

An appropriate Order follows.

---

[17]In a footnote, FPL states this case may be subject to dismissal for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Given the Court's other rulings, it is not necessary to determine if venue is proper.